Although I agree with the majority's decision to remand, I respectfully disagree with the remand being limited to only resentencing. In his first assignment of error, Coe argues that his plea should be vacated because he was not informed of the mandatory post-release control that would be part of his sentence. I would vacate the plea, consistent with this court's decision in State v. Jones (May 24, 2001), Cuyahoga App. No. 77657, unreported. The trial court in the instant case made absolutely no mention of post-release control but mentioned only the possibility of bad time being imposed if Coe violated the rules of the Department of Corrections. The terms of R.C. 2967.28 and the Supreme Court directive in Woods v. Telb (2000) 89 Ohio St.3d 504, 513, require that the court must inform the offender * * * at the time of a plea hearing that post-release control is part of the offender's sentence.
From the language of Woods, and from the mandatory nature of the language in R.C. 2943.032, it is clear that post-release control is part of the mandatory penalty for a felony sex offense. Without an adequate explanation of post-release control at the plea hearing, Coe could not fully understand the consequences of his plea as required by Crim.R. 11(C). Thus, I would find his plea is invalid and, accordingly, vacate his conviction and remand for a new plea hearing.